NO. 07-09-0374-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

MARCH 23, 2011

_____________________________

 

DOUG
SETTLER,  

 

                                                                                         Appellant


v.

 

CHARLES MIZE
D/B/A QUALITY FRAMING,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2007-539,289; HONORABLE RUBEN GONZALES REYES,
PRESIDING

_____________________________

 

Opinion

_____________________________

 

 

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

            Doug Settler (Settler) sued Charles
Mize d/b/a Quality Framing (Mize) for personal injuries received while working
as a framer for Mize. The injuries suffered by him occurred when a garage
header fell as it was being raised. 
After hearing the evidence of all litigants, the jury found that Mize
was not negligent, and judgment was entered upon that verdict.  Settler appealed, claiming that 1) the trial
court abused its discretion in refusing to allow him to pose a particular
question to the jury during voir dire, and 2) the evidence was legally and
factually insufficient to support the verdict that Mize was not negligent.  We affirm the judgment. 

            Issue 1 – Voir Dire

            During voir dire, Settler sought
permission to pose the following question to the jury:  

            The
Court will instruct you that you may not consider whether any party is covered
in whole or in part by insurance of any kind. 
There will be no evidence or discussion about insurance in this
case.  Some people may have such a strong
belief that jury verdicts affect insurance rates that they would be unable to
follow the Court’s instruction.  My
question is whether you can follow the Court’s instruction not to consider the
question of insurance?

 

After
the matter was debated by the litigants, counsel for Settler asked the trial
court:  “So you’re going to deny allowing
me to ask that question?”  (Emphasis
added).  The court then replied:  “That question that you’ve presented to the
Court, yes, sir.”  (Emphasis added). In
so deciding, the trial court allegedly abused its discretion  because the ruling denied appellant his
“right to ask a proper question [and] prevented determination of whether
grounds existed to challenge jurors for cause and denied [him the] intelligent
use of peremptory challenges.”  The issue
is overruled for several reasons.

            First,
Settler never established, here or below, that the particular question was a
proper one.  When the trial court inquired
about whether he had legal authority supporting his purported right to ask
“that question in that fashion,” the response it received was “. . .
I mean, it’s in the Court’s Charge.  I
don’t know that there’s a case that says you can ask that particular question .
. . .”  Apparently, that would be the
same answer we would receive if we were to make the same inquiry.  No authority addressing the legitimacy of
that particular question was given to us by Settler.  Nor did he explain why it was appropriate to
specifically say “some people may have a strong belief that jury verdicts
affect insurance rates” or why any of the other particular verbiage selected by
him was legitimate.   And, while Settler
talks to us at length about being able to generally voir dire the prospective
jurors on the subject of insurance and their ability to follow an instruction
directing them to avoid the consideration of insurance, nothing in the trial
judge’s comments or ruling prohibited him from generally delving into those
topics.  He simply was barred from asking
a specific question which he has yet to show was proper.

            Second, to secure reversal, Settler
was obligated to not only establish that the trial court erred but also that
the error was calculated to cause and probably did cause the rendition of an
improper judgment.  Aransas
County Navigation Dist. No. 1 v. Johnson, No. 13-05-563-CV, 2008 Tex. App. Lexis 3153 at *33 (Tex. App.-
Corpus Christi April 29, 2008, pet. denied) (mem. op.).  The second component of that obligation (i.e. harm) went unaddressed by him, as
well.  Thus, he did not satisfy his
appellate burden.

            Third, and though not basis in and
of itself for overruling the issue, Settler’s representation about the “Pattern
Jury Charges [being] created by the Committee on Pattern Jury Charges and
adopted by the Texas Supreme Court” is wrong. 
Those charges are akin to forms developed by a committee of the State
Bar of Texas, not the Supreme Court. 
Furthermore, we know of nothing from the Supreme Court mandating  that the judiciary use them or illustrating
that the Supreme Court has adopted them as its own works.    

            Sufficiency of the
Evidence

            We next consider the allegations
concerning the sufficiency of the evidence. 
They are founded on the belief that Settler proved Mize was negligent in
failing to 1)  train his workers on the
safe method of raising a garage header, and 2) adopt a safe method of raising a
garage header.  The safe method
contemplated by Settler involved the use of personnel to support the header at
its connecting point as it was raised. 
In rejecting those claims of negligence, the jury purportedly
erred.   We overrule the issue.  

            Regarding the legal sufficiency
challenge posed, Settler had the obligation to show that the evidence
established that Mize was negligent, as a matter of law.  Dow Chemical Co. v.
Francis, 46 S.W.3d 237,
241 (Tex. 2001).  To  determine whether that burden was met
requires us to examine the record for evidence supporting the jury’s finding
and, if there is none, to then examine the entire record to determine if the
contrary proposition was established as a matter of law.  Id.  If the jury had before it some evidence upon which it could
base its verdict, then we need go no further due to the first prong of the
test.  Given this standard of review, it
would seem encumbent upon an appellant like Settler to first address whether
any evidence existed that supported the jury’s verdict, and, if some testimony
could possibily be construed as doing so, then explain why adopting such a
construction would be wrong.  

            As for the matter of factual
sufficiency, an appellant complaining of a jury’s decision to deny him recovery
must illustrate that the finding was against the great weight and preponderance
of all of the evidence.  Id.
 Needless to say, satisfying either standard of
review is normally a difficult task. 
And, for the reasons discussed below, Settler did not do so here.

            First, the tact Settler took in
briefing his argument focused on the existence of evidence illustrating Mize’
alleged misfeasance.  He did not comment
upon that appearing of record and purporting to show that Mize either acted
reasonably or that the supposed omissions did not cause the injury.  For instance, Settler accused Mize of being
negligent since the latter purportedly failed to provide a safe work place or
train his workers about safety. 
Furthermore, this supposed negligence consisted of omitting to teach or
direct workers to place their hands and feet at a particular point on the
header as it was raised so as to prevent it from “kicking out” if the nails or
like devices securing its base to the pivot point came loose.  Given this accusation, one witness testified that
if the header broke away as described, “and someone had their feet or their
hands down there, that’s a cause for another accident,” and “[s]ome of those
headers and beams are so heavy,” and “I don’t see how one person’s hands or
feet could stop it.”  One could interpret
such testimony as indicating that 1) had Mize done what Settler said he should
have done, then the possibility of injury remained present and, 2) the practice
Settler said Mize should have utilized actually endangered those attempting to
support the header.  Settler did not attempt
to explain why interpreting that evidence in such a manner would be
unreasonable.  Nor did he attempt to
explain why it lacked sufficient probative value to enable reasonable jurors to
use it as basis for concluding that Mize was not negligent in the manner
suggested by Settler.    

The evidence about 1) appellant being considered to be an
experienced framer; 2) support via a hand or foot being appropriate only when
the header is not nailed to a floor plate, unlike the circumstances at bar; 3)
Mize and others having not seen a header fall in their numerous years of working
in the construction industry; 4) Mize having told the workers to have someone
hold the connection point but that they would do it their own way when he was
not on site; 5) support of the header at the connection point would have made
no difference if the nails were not properly placed; 6) a worker who could not
say whether he would have had someone hold the connection point even if he had
been trained to do so; and 7) the method utilized by Mize in raising the header
being “a very safe method,” “a very accepted practice,” and “ordinary and
customary” was also ignored by Settler. 
The latter did not explain why it and the other testimony mentioned
above failed to constitute some evidence upon which a reasonable jury could
reject his claims of negligence.  This
may be because such evidence actually constituted some evidence allowing it to
do so.  And, that there may have been
evidence supporting Settler’s own contention did little more than raise
questions of fact for the jury to resolve. City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005).  Given these circumstances and the applicable
law, we cannot say that the manner in which the jury so resolved the factual
disputes was against the great weight and preponderance of the evidence.  Simply put, the evidence supporting the
verdict was neither legally nor factually insufficient.

            Accordingly, the judgment is
affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Pirtle,
J., concurs in the result.